11-4583-cv
*United States v. 25.202 Acres of Land, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
DENNY CHIN,
   *Circuit Judges*
DAVID G. LARIMER,[*]
   *District Judge.*

---

UNITED STATES OF AMERICA,

   *Plaintiff-Appellee*,

  v.       11-4583-cv

25.202 ACRES OF LAND AND BUILDING AFFIXED TO THE LAND LOCATED IN THE TOWN OF CHAMPLAIN, CLINTON COUNTY, NEW YORK; AND, AMEXX WAREHOUSE COMPANY, INC., D/B/A DUTY FREE AMERICAS, INC.,

   *Defendants-Appellants.*

---

[*] Judge David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

FOR APPELLANT:        JEFFREY B. CROCKETT (Paul J. Schwiep, Gabriel Groisman, *on the brief*), Coffey Burlington, P.L., Miami, FL.

FOR APPELLEE:         MICHAEL T. GRAY (John Holm, Kristen Muenzen), *for* Ignacia S. Moreno, Assistant Attorney General, United States Department of Justice, Environment & Natural Resource Division, Jacksonville, FL.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments and memorandum-decision and order of the United States District Court for the Northern District of New York (Mordue, *J.*) are **AFFIRMED**.

On April 4, 2006, Plaintiff-Appellee United States of America (the "government"), pursuant to its eminent domain powers, initiated a condemnation proceeding against Defendants-Appellants[1].  Appellants conceded that the government's action was within the scope of its powers and proceeded to litigate the amount of just compensation that the government owed for the property.  On August 19, 2010,

---

[1] We refer to the 25.202 acres of land and the building affixed to the land located in the Town of Champlain, Clinton County, New York; and Amexx Warehouse Company, Inc., d/b/a Duty Free Americas, Inc. collectively as "Defendants-Appellants" or "Appellants" throughout this summary order.

at the close of trial, the jury returned a verdict to Appellants in the amount of $208,000.  Judgment was entered the next day. Soon after, on September 15, 2010, Appellants moved for a new trial.  Without ruling on that motion, the district court entered the final judgment for that amount on November 8, 2010.  Appellants renewed their motion for a new trial, and, on September 30, 2011, the district court in its memorandum-decision and order denied that motion.  This appeal from the verdict, judgment, final judgment, and memorandum-decision and order followed.  The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument."  Fed. R. App. P. 34(a)(2)(c).  We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

Appellants' central argument is that the district court erred in precluding their expert from testifying as to the value of the land.  Here, as they did on their motion for a new trial, Appellants argue that the exclusion of that

3

testimony resulted in a verdict that was manifestly unjust and a miscarriage of justice.

"We review for abuse of discretion a district court's disposition of a motion for a new trial," *Nimely v. City of New York*, 414 F.3d 381, 392 (2d Cir. 2005), keeping in mind that "[a] motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 106 (2d Cir. 2002) (internal quotation marks and citations omitted). "The district court's evidentiary rulings, and in particular its determinations regarding the admissibility of expert testimony, are also reviewed for abuse of discretion." *Nimely*, 414 F.3d at 393 (internal citations omitted). "A decision to . . . exclude expert . . . testimony is not an abuse of discretion unless it is 'manifestly erroneous.'" *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (internal citations omitted).

"[T]he district court has a gatekeeping function . . . [and] is charged with the task of ensuring that an expert's testimony . . . rests on a reliable foundation . . . ." *Id.*

4

(internal quotation marks and citations omitted). "In deciding whether a step in an expert's analysis is unreliable, the district court should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Id.* at 267. "[W]hen an expert opinion is based on . . . a methodology . . . that [is] simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Id*. at 266.

Here, we are convinced that the district court did not abuse its discretion in excluding the expert's testimony and, subsequently, in denying the motion for a new trial. The district court adopted Magistrate Judge DiBianco's thorough report exposing the unreliability of the expert's methods. We will not repeat that analysis at length here, but we are convinced that the district court competently undertook its gatekeeping function. We do note, however, that the expert was allowed to testify that in his opinion, the highest and best use of the property was a duty-free store. In addition, although the district court precluded

the expert from giving his opinion as to the value of the property, which was based on the income-capitalization method of valuation, Appellants' representative was permitted to testify-over the government's objection–about *his* opinion of the land's value, based on an "income" approach.  Largely for the reasons that the district court articulated in its memorandum-decision and order, we affirm the verdict, judgments, and the order denying the motion for a new trial in all respects.

We have considered Appellants' remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the memorandum-decision and order is **AFFIRMED**.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>